678 P.2d 1169

Gerald I. JOHNSON and Geraldine
Johnson, his wife,
Plaintiffs-Appellants,

v.

Ruby Turknett AMSTUTZ, James W. Am-
stutz, Jewell Amstutz, Margaret Ellen
Amstutz Cameron, A.G. Cameron, Joan
Martha Amstutz Clark, Joe Clark, Syl-
via Ruby Amstutz Wong, Lawrence
Chung-Nig Wong, L.A. Scott, Virginia
L. Scott, and Mary Frances Johnson
(Maskew), Defendants-Appellees.

No. 14919.

Supreme Court of New Mexico.

March 14, 1984.

Rehearing Denied April 11, 1984.

Martin & Behles, W.T. Martin, Jr., Carls-
bad, for plaintiffs-appellants.

Montgomery & Andrews, Walter J. Me-
lendres, Santa Fe, Hinkle, Cox, Eaton, Cof-
field & Hensley, David L. Spoede, Roswell,
for defendants-appellees.

## OPINION

RIORDAN, Justice.

George I. and Geraldine Johnson (John-
sons) were among several plaintiffs in a
quiet title action against numerous defend-
ants. The district court found for the
Johnsons, and on appeal we reversed. *Abo
Petroleum Corp. v. Amstutz*, 93 N.M. 332,
600 P.2d 278 (1979). We held in pertinent
part that the contingent remainders in the
heirs of the grantors in the Johnsons' chain
of title were not destroyed by the 1916
deed. Thereafter, the Johnsons brought an
action for declaratory judgment to deter-
mine their rights in and to certain real
property and the value of improvements
made to such real property. The district
court granted defendants' motion to dis-
miss Count I, which is the subject of this
appeal. The Johnsons appeal. We affirm.

The sole issue we address is whether the
doctrine of destructibility of contingent re-
mainders has ever been the law in New
Mexico.

In *Abo*, we recognized that even though
New Mexico adopted the common law of
England, pursuant to NMSA 1978, Section
38–1–3, if the common law is not applicable
to our condition and circumstances, we will
not give it effect. Therefore, we declined
to apply the doctrine of destructibility of
contingent remainders because the doctrine
"is but a relic of the feudal past, which has
no justification or support in modern socie-
ty[.]" *Abo*, 93 N.M. at 335, 600 P.2d at
281.

In this appeal, the Johnsons argue that
until the decision in *Abo*, the doctrine of
destructibility of contingent remainders
was the law in New Mexico. In other
words, they argue that *Abo* did not declare
that the doctrine has never been the law in
New Mexico, but simply declared that the
doctrine would not be applied in modern
New Mexico society. We disagree with the
Johnsons' argument.

In *Abo*, 93 N.M. at 334, 600 P.2d at 280,
we stated that:

The doctrine of destructibility of contingent remainders has been almost universally regarded to be obsolete by legislatures, courts and legal writers. *See, e.g., Whitten v. Whitten*, 203 Okl. 196, 219 P.2d 228 (1950); 1 L. Simes and A. Smith, *Law of Future Interests* § 209 (2d ed. 1956). It has been renounced by virtually all jurisdictions in the United States, either by statute or judicial decision, and *was abandoned in the country of its origin over a century ago.* Section 240 of the *Restatement of Property* (1936) takes the position that the doctrine is based in history, not reason. Comment (d) to § 240 states that "complexity, confusion, unpredictability and frustration of manifested intent" are the demonstrated consequences of adherence to the doctrine of destructibility. Furthermore, because operation of the doctrine can be avoided by the use of a trust to support the contingent remainder, the doctrine places a premium on the drafting skills of the lawyer. 49 Mich.L.Rev. 762, 764 (1951). (emphasis added).

In analyzing the reception of the English common law doctrine of destructibility of contingent remainders in American states, we look to the cited authority relied upon in *Abo*, and again find ourselves in agreement with *Restatement of Property* Section 240 comment c (1936), that provides in pertinent part:

The English rule as to the "destructibility of contingent remainders" originated in the then already outmoded feudal concepts of seisin * * *. Its unsuitability to the circumstances of its country of origin is evidenced by the quick development in England of conveyancing devices and construction tendencies narrowing its significance close to the vanishing point * * *. The conditions of the New World were even less appropriate for an acceptance of this anachronism. During the colonial period the colonial law was supposed to agree with the common law, but after the revolution when courts were deciding the extent of reception of the English common law the doctrine was settled that only those rules of the common law appropriate to the conditions obtaining in the New World were intended by the so-called reception statutes. The English rule as to the "destructibility of contingent remainders" was not, and is not, thus appropriate. Consequently *that rule can reasonably be declared never to have become a part of the law of an American state, by the reception of the English common law.* (emphasis added).

Therefore, we specifically hold that the doctrine is not now and has never been the law in New Mexico.

In light of this determination, the other issue raised in this appeal is moot.

The decision by the district court is affirmed.

IT IS SO ORDERED.

STOWERS and WALTERS, JJ., concur.